UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 6:20-cr-00097-GAP-LRH

JOEL MICAH GREENBERG,

Defendant.

## MOTION TO UNSEAL JUDICIAL RECORDS IDENTIFYING AN UNINDICTED CO-CONSPIRATOR

Movant, Brian Beute, appearing pro se, respectfully moves this Court for an order unsealing judicial records and states as follows:

## I. INTRODUCTION

This motion presents a narrow question of public access: whether judicial materials identifying an unindicted co-conspirator, acknowledged by the United States, disclosed within the litigation, and relied upon by the Court, may remain entirely sealed from the public and the victim of the underlying offense.

The United States has represented that an unindicted co-conspirator is identified by name within search warrant materials and that this information was provided to the defense. (Doc. 37 at 13–14). The Court relied on those disclosures in denying a bill of particulars, finding the materials sufficient because identities and roles were already known within the record. (Doc. 50).

The result is a record that is complete within the litigation but incomplete to the public.

Movant seeks full unsealing of the relevant judicial records.

## II. THE GOVERNMENT HAS CONFIRMED THAT THE CO-CONSPIRATOR IS IDENTIFIED BY NAME AND DISCLOSED

The United States has expressly acknowledged that the identity of an unindicted co-conspirator is contained within judicial materials and has been disclosed to the defense.

Specifically, the United States stated:

(1) "Portions of the search warrant affidavit identify an unindicted conspirator by name." (Doc. 37 at 13);
(2) It "already has identified, by name, an unindicted conspirator." (Doc. 37 at 14); and
(3) The defendant "already has been provided with that information." (Doc. 37 at 13–14).

The government further represented that the defendant was provided with portions of federal search warrants in which the unindicted co-conspirator is identified by name in 15 separate instances. (Doc. 38).

These admissions establish that the identity appears repeatedly within the warrant materials, is known to the government, and has been disclosed within the adversarial process.

## III. THE GOVERNMENT RELIED ON THESE DISCLOSURES TO OPPOSE RELIEF

The United States relied on these disclosures to oppose the defendant's request for a bill of particulars, arguing that additional specificity was unnecessary because identifying information had already been provided through the indictment, discovery, and search warrant materials. (Doc. 38).

The government emphasized that identifying information was repeatedly reflected throughout discovery and incorporated into the evidentiary record. (Doc. 38 at 8–14).

## IV. THE COURT RELIED ON THE DISCLOSED IDENTITY

The Court adopted that position, finding that the information provided through the indictment, discovery, and warrant materials was sufficient because identities and roles were already known.

That record includes repeated identification of the unindicted co-conspirator within the warrant materials. (Doc. 38).

The identity of the unindicted co-conspirator is therefore:

(a) documented within judicial materials;

(b) disclosed within the litigation; and

(c) relied upon by the Court in resolving a motion.

This is not speculative. It is part of the record upon which the Court acted. (Doc. 50).

## V. CONTINUED COMPLETE SEALING REQUIRES A PARTICULARIZED JUSTIFICATION

Judicial records are presumptively open. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001); *Romero v. Drummond Co.*, 480 F.3d 1234 (11th Cir. 2007).

The party seeking to maintain sealing bears the burden of demonstrating a compelling interest and that any restriction is narrowly tailored. That burden cannot be met on this record.

Generalized assertions are insufficient. The Court must make specific findings on the record and explain why less restrictive alternatives are inadequate.

Here, the identity has already been disclosed within the litigation and relied upon by the Court. Continued complete sealing, without a particularized justification supported by specific findings, cannot be sustained.

## VI. CONTINUED COMPLETE SEALING IS INCONSISTENT WITH THE RECORD

The same information that the government disclosed and the Court relied upon remains entirely sealed from the public and from the victim.

This results in a record that is complete for adjudication but incomplete for public access.

Where the Court has relied on information to resolve a motion, continued concealment of that same information demands a specific and compelling justification. None appears in the record, nor has any been articulated.

## VII. RELATED PROCEEDINGS CONFIRM THAT DISCLOSURE IS APPROPRIATE

Courts addressing coordinated conduct have required disclosure sufficient to permit meaningful examination of that conduct.

In *Cornell v. Engels*, a Florida court compelled production of communications and related materials and imposed sanctions when disclosure obligations were not met. Public reporting reflects findings of contempt and enforcement measures following noncompliance.

This motion does not seek to identify any individual by speculation. It seeks disclosure of information that the United States has acknowledged and that the Court has already relied upon.

## VIII. THE PUBLIC AND THE VICTIM HAVE A COMPELLING INTEREST IN ACCESS

This case involves coordinated conduct directed at a political candidate during an election.

The public has a substantial interest in understanding the full scope of conduct addressed by the Court, particularly where that conduct involves coordinated activity.

Movant, as the victim, has an equally compelling interest in understanding the full extent of that conduct.

Transparency serves a critical deterrent function, particularly where coordinated conduct is documented in judicial records and acknowledged by the parties. Disclosure reinforces accountability and deters similar conduct in future proceedings.

The Court has previously characterized the conduct directed at Movant as "downright evil," underscoring the severity of the offense and reinforcing the public interest in full transparency.

## IX. REQUEST FOR RELIEF

Movant respectfully requests that the Court order that the relevant judicial records, including the search warrant affidavit and related filings, be unsealed in full.

## X. CONCLUSION

The identity and role of an unindicted co-conspirator have been acknowledged by the United States and relied upon by the Court. (Doc. 37; Doc. 50).

The remaining question is whether continued complete sealing can be justified under the governing standard.

For the foregoing reasons, Movant respectfully requests that this Court grant the requested relief and order the records unsealed.

Respectfully submitted,

Brian Beute

Pro Se Movant

Email: babeute@gmail.com

Telephone: 407-538-5919

Mailing Address:

Brian Beute

C/O Bear Legal Solutions

111 N Orange Ave.

Suite 800

Orlando, FL 32801

Date: March 23, 2026

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of March, 2026, a true and correct copy of the foregoing Motion to Unseal Judicial Records Identifying an Unindicted Co-Conspirator and Notice of Contact Information was served on the United States Attorney's Office for the Middle District of Florida by U.S. Mail.

Brian Beute

Pro Se Movant



**G**

US POSTAGE AND FEES PAID
GROUND ADVANTAGE IMI
Mar 23 2026
Mailed from ZIP 49442
4 OZ GROUND ADVANTAGE RATE
ZONE 6
17136542
Commercial

endicia

06380010282480

## USPS GROUND ADVANTAGE

Brian Beute
C/O Bear Legal Solutions
111 N Orange Ave
STE 800
Orlando FL 32801

| C016 | 0001 |



SHIP TO: **US District Crt Middle District FL
Clerks Office
401 W CENTRAL BLVD
ORLANDO FL 32801-0401**

### USPS TRACKING #



9400 1508 9956 3351 5867 93





SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.



0  85227 01325  5

**THE UPS STORE®**
theupsstore.com

**UPS 325**

Made in Mexico



**Mailer Size:**

**9 x 12**

**Mailer will Hold:**

Made from 100% recycled paperboard.