UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 6:20-cr-97-GAP-LHP

JOEL MICAH GREENBERG

**UNITED STATES' OPPOSITION TO MOTION TO UNSEAL RECORDS IDENTIFYING UNINDICTED CO-CONSPIRATOR**

The United States opposes Brian Beute's motion requesting that the Court unseal search warrant records in this case in order to reveal the name of an unindicted co-conspirator. *See* Doc. 200. There are compelling interests for the continued sealing of the search warrants that overcome the public right of access. In particular, to publicly reveal the identity of the unindicted co-conspirator could stigmatize this person as a criminal without providing the person with any avenue to defend or vindicate his or her reputation.

**BACKGROUND**

In June 2020, the United States Secret Service obtained a search warrant for the residence of Seminole County Tax Collector Joel Micah Greenberg in Lake Mary, Florida. *See* Case No. 6:20-mj-1467 (sealed). This and other related sealed search warrants identified an unindicted co-conspirator by name. This Court granted the United States' motions to seal the search warrants. Greenberg later was charged with a number of felony offenses, ultimately resulting in his conviction on several felony

counts. *See* Docs. 28, 106, 109, 115. The unindicted co-conspirator was not ever charged.

Previously, on or about January 20, 2020, Petitioner Brian Beute met with an agent from the United States Secret Service. During this meeting, it was clear that Petitioner Beute was aware of the identity and conduct of the unindicted co-conspirator. Petitioner now requests that the identity of the unindicted co-conspirator be made public because "the public has a substantial interest in understanding the full scope of conduct addressed by the court," and because Petitioner "as the victim, has an equally compelling interest in understanding the full extent of that conduct." Doc. 200 at 5. Petitioner's motion should be denied.

**COMPELLING INTERESTS OVERCOME THE PUBLIC RIGHT OF ACCESS TO THE SEALED SEARCH WARRANTS**

Courts have recognized a qualified public right of access to various aspects of criminal proceedings under both the First Amendment and the common law. *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986) (*Press-Enterprise II*); *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597–99 (1978). Neither right, however, is absolute. The unsealing of judicial materials pursuant to the common-law right of access "requires a balancing of competing interests." *Chicago Tribune*, 263 F.3d at 1311. To determine whether a First Amendment right attaches to a particular proceeding, courts apply "the 'experience' and 'logic' test," asking "(1) whether the proceeding has historically been open to the public and press; and (2) 'whether public access plays a significant positive

role in the functioning of the particular process in question.'" *In re Hearst Newspapers, LLC*, 641 F.3d 168, 175 (5th Cir. 2011) (quoting *Press-Enterprise II*, 478 U.S. at 8–9).

The Supreme Court itself has applied the First Amendment right only to trial-type proceedings. The Court first recognized the right in the context of criminal trials, which an "unbroken, uncontradicted" line of history showed to have "been open to all who care to observe." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564, 573 (1980) (plurality). The Court later held that the right applies to jury selection and to the transcript of a "preliminary hearing" in a criminal case that "function[ed] much like a full-scale trial." *Press-Enterprise II*, 478 U.S. at 7; *id.* at 10–13. As the Eleventh Circuit has explained, this right to public access does not apply to discovery materials. U.*S. v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery is neither a public process nor typically a matter of public record. Historically, discovery materials were not available to the public or press.").

In *Anderson*, the Eleventh Circuit faced a nearly identical situation to that raised by the Petitioner in this case—whether the public's interest in learning the identity of an unindicted co-conspirator was outweighed by other compelling interests, including the unindicted co-conspirator's presumption of innocence. *See Anderson*, 799 F.2d at 1439. The Eleventh Circuit determined that the co-conspirator's identity should remain under seal. *See id.* (upholding district court's determination that court records naming unindicted co-conspirators should be sealed because "the publication of the names and possible similar acts evidence might stigmatize the 'unindicted co-conspirators' as criminals without the opportunity for vindication."). *See also In re*

*Smith*, 656 F.2d 1101, 1107 (5th Cir. 1981) (holding that the inclusion of an unindicted co-conspirator's name in a public factual basis for a defendant's guilty plea was "a violation of [the unindicted co-conspirator's] liberty and property rights guaranteed by the Constitution" and that his "motions to strike and seal should have been granted in the proceedings below," noting that doing so "implicated the [unindicted co-conspirator] in criminal conduct without affording him a forum for vindication").

Keeping the search warrants under seal here to protect the identity of the unindicted co-conspirator is an action "narrowly tailored to serve" a compelling interest. *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 606 (1982). Search warrant affidavits are documents that are often obtained and maintained under seal for the duration of court proceedings. They are not proceedings or records that have "historically been open to the public and press." *In re Hearst Newspapers, LLC*, 641 F.3d 168, 175. Most of the proceedings in the case were conducted in a way to allow public access—the indictment, plea agreement, and numerous other filings in this case are available on the public docket. *See* U.S. District Court for the Middle District of Florida, Case No. 6:20-cr-97-GAP-LHP. By contrast, the sealing of search warrant affidavits to provide some degree of anonymity for the unindicted person helps preserve the person's presumption of innocence and avoids broadcasting his or her identity to the public without an opportunity for him or her to defend themselves. That is especially appropriate here, where it has been approximately six years since the search warrants were obtained and the United States ultimately did not bring charges

against the individual whom the Petitioner seeks to publicly shame.[1] These compelling interests outweigh the public's interest in the unindicted co-conspirator's identity. *See Anderson*, 799 F.2d at 1439; *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1377 (8th Cir. 1990) ("Even though the judicial proceedings in this matter are completed, [the defendant] may be stigmatized and humiliated if the sensitive information in the record is made public, and that is reason enough to seal the file and keep it sealed."); *United States v. Suppressed*, 2010 WL 4962885, at *5 (E.D. Mo. Oct. 22, 2010) ( "[C]ontinuing the sealing of the redacted portions of the search warrant documents is necessitated by a compelling United States interest—to protect the safety and identity of cooperating individuals and witnesses, ***and the need to protect the identity and reputation of any co-conspirators who will not be criminally charged***.") (emphasis added). The Court should deny Petitioner's request to unseal.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Chauncey A. Bratt*
Chauncey A. Bratt
Assistant United States Attorney
USA No. 174
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: chauncey.bratt@usdoj.gov

[1] As explained above, Petitioner already knows the identity of this individual.

**U.S. v. JOEL MICAH GREENBERG** **Case No. 6:20-cr-97-GAP-LHP**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2026, I filed a copy of this response electronically and caused a copy of the foregoing to be sent via U.S. Mail to the following *pro se* Petitioner:

Brian Beute
111 N. Orange Avenue
Suite 800
Orlando, FL 32801

*/s/ Chauncey A. Bratt*
Chauncey A. Bratt
Assistant United States Attorney
USA No. 174
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: chauncey.bratt@usdoj.gov